11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Everett Dale Bright

Appellant

Vs.                   No.
11-02-00246-CR B Appeal from Dallas County

State of Texas

Appellee

 

After
Everett Dale Bright waived his right to a jury trial, the trial court convicted
him of the offense of aggravated sexual assault of a child under the age of
14.  Upon appellant=s plea of true to the enhancement allegation,
the trial court found the allegation to be true and assessed appellant=s punishment at confinement for 15
years.  We affirm.  

Appellant=s court-appointed counsel has filed a brief
in which she conscientiously examines the record.  After a thorough review of the record, counsel can find no ground
of error that can be supported by the record.  
Following the procedures outlined in Anders v. California, 386
U.S. 738 (1967), and Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969),
counsel has concluded that the appeal is without merit.  Counsel discusses the applicable law and
concludes that there are no grounds upon which to predicate a reversal.

Counsel
has furnished appellant with a copy of the brief and has advised appellant of
his right to review the record and file a pro se brief.  Counsel has complied with the procedures
outlined in Anders v. California, supra; Stafford v. State, 813
S.W.2d 503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807
(Tex.Cr.App.1978); Currie v. State, 516 S.W.2d 684 (Tex.Cr.App.1974);
and Gainous v. State, supra.








Appellant
has filed a pro se brief in which he asserts that the he received ineffective
assistance of counsel.  In order to
determine whether appellant=s trial counsel rendered ineffective assistance at trial, we must first
determine whether appellant has shown that counsel=s representation fell below an objective
standard of reasonableness and, if so, then determine whether there is a
reasonable probability that the result would have been different but for
counsel=s errors. 
Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v.
State, 988 S.W.2d 770 (Tex.Cr.App.1999). 
We must indulge a strong presumption that counsel=s conduct fell within the wide range of
reasonable professional assistance; and appellant must overcome the presumption
that, under the circumstances, the challenged action might be considered sound
trial strategy.  Stafford v. State,
supra.

Appellant
specifically argues that his counsel was ineffective because his trial counsel Alied@ and made Afalse
promises@ that appellant would receive deferred
adjudication.  The record shows that,
during the hearing on appellant=s guilty plea, appellant=s trial counsel asked appellant if he understood that the trial court
did not have to grant him deferred adjudication.  Appellant responded that he understood.  The record also shows that the trial court admonished appellant
that, in making an open plea of guilty, Aeverything involved in this case as it relates to punishment is open.@ 
Appellant indicated that he understood.   The record does not support appellant=s argument that his trial counsel lied to him
and promised that he would receive deferred adjudication.

Appellant
also contends that his trial counsel was ineffective in failing to object to
evidence offered at the sentencing phase of the guilty plea hearing.  The record shows that on June 10, 2002, the
trial court accepted appellant=s plea of guilty, found that the evidence substantiated a finding of
guilt, and found the enhancement allegation to be true.  The trial court then reset the cause until
June 24 for the sentencing phase of the hearing.  At the June 24 hearing, the State presented testimony from the
victim=s mother that appellant and members of his
family had made threats to harm the victim and her family.  The victim=s mother testified that she was afraid for the safety of her
family.  Detective Mark Talley also
testified that  he received calls that
appellant was threatening the victim=s family.  Appellant argues that
his trial counsel was ineffective in failing to object to the testimony because
it was inconsistent and contained hearsay. We do not find that the testimony
contained hearsay.  Moreover, assuming
without agreeing that the testimony did contain hearsay, the record is silent
as to trial counsel=s
reason for not objecting to the testimony. 
Appellant has not shown that the decision not to object to the testimony
was based upon sound trial strategy. Thompson v. State, 9 S.W.3d 808
(Tex.Cr.App.1999).    The record does
not support appellant=s argument
that he received ineffective assistance of counsel.  Appellant=s point of error is overruled. 








Following
the procedures outlined in Anders, we have independently reviewed the
record.  The evidence is both legally
and factually sufficient to support appellant=s conviction.  Appellant signed
a voluntary written judicial confession and testified at the plea hearing that
he was pleading guilty because he is guilty. 
At the sentencing hearing, appellant testified that he had had sex with
the victim, who was under the age of 14. 
The record supports the conclusion that appellant voluntarily waived his
right to a jury trial.  We agree with
appellant=s court-appointed counsel that the appeal is
without merit.  

The
judgment of the trial court is affirmed.

 

W. G.
ARNOT, III

CHIEF
JUSTICE

 

September 4, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J .